ROGER RUTT, APPELLANT, V. MIDWEST REFUSE SERVICE AND LIBERTY MUTUAL INSURANCE COMPANY, APPELLEES.

369 N.W.2d 93

Filed June 14, 1985. No. 84-702.

Law Offices of Cobb, Hallinan & Lefler, P.C., for appellant.

Jay L. Welch of Rickerson & Welch, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal by Roger Rutt from a decision of a three-judge panel of the Nebraska Workmen's Compensation Court. After rehearing, the court found that Rutt's temporary total disability had terminated and that Rutt had sustained a 20-percent loss of earning power. The court awarded Rutt $30 per week for 249 weeks from January 11, 1983. See Neb. Rev. Stat. § 48-121(1) and (2) (Reissue 1984).

This case involves only a question of fact about the extent of Rutt's disability and primarily an issue of Rutt's credibility on the question of his ability to return to work after the subject accident.

Under Nebraska law it is settled that findings of fact by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. See, Neb. Rev. Stat. § 48-185 (Reissue 1984); *Zaleski v. Farmland Foods*, 219 Neb. 157, 361 N.W.2d 523 (1985); *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985); *Scott v. State*, 218 Neb. 195, 352 N.W.2d 890 (1984); *Tranmer v. Mass Merchandisers*, 218 Neb. 151, 352 N.W.2d 610 (1984).

Upon a review of the record we cannot state that the findings of the Workmen's Compensation Court on rehearing are clearly wrong. Being bound by the findings of fact made by the Nebraska Workmen's Compensation Court, we affirm Rutt's award.

AFFIRMED.